UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: 07-20624-CIV  COOKE/BROWN

NISSM CORP.,

    *Plaintiff*,

v.

TIME WARNER, INC., *et al.*,

    *Defendants.*

_____/

**TRANSFER ORDER OPINION**

    Plaintiff Nissim Corp. ("Plaintiff" or "Nissim") filed a patent infringement suit in the Southern District of Florida against Time Warner, Inc., Warner Bros. Entertainment, Inc., Warner Home Video, Inc., and New Line Home Entertainment, Inc. (collectively "Defendants"). Plaintiff claims that not only have Defendants themselves infringed the intellectual property at issue, but also have induced several non-party entities to infringe. Plaintiff attributes all liability to Defendants.

    After some initial settlement attempts, Defendants moved to transfer the case to the Central District of California. The filings and record before me revealed that the Central District of California is indeed a better venue for this case than the Southern District of Florida. Much of the allegedly wrongful activity by Defendants occurred within the Central District of California, Los Angeles County, in particular. The majority of key witnesses and documents, thus, would be found there. In addition, most of the indirectly accused non-parties are located in Los Angeles County, California. These non-parties' employees and records—foreseeable, material evidence in this case—reside largely within the Central District of California, potentially outside my subpoena

power, but well within the Central District's reach. Therefore, the interest of justice compelled transfer as further explained below.

Plaintiff Nissim is a Florida corporation with only one employee, CEO Max Abecassis. Mr. Abecassis is the inventor of the patents at issue. Nissim's business is to license and enforce its patents. In that regard, Plaintiff Nissim alleges that Defendants' DVD-related operations directly infringe Plaintiff's patents. Plaintiff also looks to implicate Defendants for indirect non-party infringement by way of inducement.

Of the four Defendants, the three Warner Defendants are Delaware corporations whose DVD-related operations predominantly take place in the Central District of California. The remaining Defendant, New Line Cinema, is a New York corporation whose DVD-related operations are also largely located in the Central District of California.

Furthermore, California's Central District houses the major non-party companies related to this suit. The non-party companies account for about 80 percent of the domestic DVD sales, as opposed about 20 percent by the named Defendants. These related non-parties, thus, may have witnesses and evidence crucial to this case. Of these non-party companies, the six major DVD distributors, Buena Vista Home Entertainment, Inc., 20th Century Fox Home Entertainment, Sony Pictures Home Entertainment, Universal Studios Home Entertainment, Paramount Home Entertainment, and Lions Gate Home Entertainment, Inc., are all located in Los Angeles County, in the Central District of California. Like Defendants, these companies, too, carry out their DVD-related operations largely within that District.

In a case such as this, district courts have the power to decline jurisdiction in the interest of justice or for convenience, even when a plaintiff's chosen venue is permissible. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 506-507 (1946) (superceded by statute on other grounds, as

explained in *American Dredging Co. v. Miller*, 510 U.S. 443, 449 (1994)).  A motion to transfer from one federal district to another is governed by 28 U.S.C. § 1404(a), which provides:  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  This statute authorizes a court to transfer the venue of a case in order to avoid unnecessary inconvenience to the litigants, witnesses and the public, and to conserve time, energy and money.  *See Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

A motion to transfer a patent infringement suit is governed by the law of the regional circuit in which the district court sits—in this case, the Eleventh Circuit.  *Winner Int'l Royalty Corp. v. Wang*, 202 F.3d 1340, 1352 (Fed. Cir. 2000).  The Eleventh Circuit has recognized that district courts have broad discretion in determining whether to transfer a case to another district for the convenience of the parties and witnesses, and in the interests of justice.  *See England v. ITT Thompson Industries*, Inc., 856 F.2d 1518, 1520 (11th Cir. 1988); *Thermal Technologies, Inc., v. Dade Service Corp.*, 282 F. Supp. 2d 1373, 1375 (S.D. Fla. 2003).

To determine the propriety of transfer, courts engage in a two-step analysis under § 1404(a).  First, courts determine whether the action could have been brought in the venue in which transfer is sought.  Second, courts assess whether convenience and the interest of justice require transfer to the requested forum.  *See Thermal Techs.*, 282 F. Supp. 2d at 1376; *Jewelmasters, Inc. v. May Dep't Stores*, 840 F. Supp. 893, 894-95 (S.D. Fla. 1993) (citing *Continental Grain Co. v. The Barge FBL-585*, 364 U.S. 19 (1960)).

Here, the first step is easy—this case could have been filed in the Central District of California because: (1) all Defendants are subject to personal jurisdiction in the Central District of

California,[1] and (2) most of the allegedly unlawful activity occurred in that District.  See *Jewelmasters,* 840 F. Supp. at 894-95.

I turn now to § 1404(a)'s second step—whether California's Central District is the more appropriate venue for this case.   In making this determination, Courts focus on the following factors:  (1) convenience of the parties; (2) convenience of the witnesses; (3) relative ease of access to sources of proof; (4) availability of process to compel presence of unwilling witnesses: (5) cost of obtaining presence of witnesses; (6) plaintiff's choice of venue; and (7) the public interest.  *See Gulf Oil Corp.*, 330 U.S. at 508-509; *Windmere Corp. v. Remington Products, Inc.*, 617 F. Supp. 8, 10 (S.D. Fla. 1985).

In the present case, all factors except Plaintiff's choice of venue support transfer.  After reviewing the filings on record, I find that most of the material evidence in this case, including party and non-party witnesses and documents, is predominantly located in the Central District of California, not the Southern District of Florida.

The issues in this case involve (1) eleven of Plaintiff's patents, (2) Defendants' and non-parties' DVD-related operations allegedly claimed by those patents, and (3) documents related to those operations.  Plaintiff Nissim has only one employee, CEO/Inventor Max Abecassis.  He is likely to be a material witness, and admittedly, he resides in Florida.  By comparison, however, Defendants have numerous potentially critical witnesses residing in the Central District of California.  Furthermore, non-party witnesses, perhaps even more crucial to the fair resolution of this case, as well, reside predominantly in the Central District of California; over those witnesses, the Southern District of Florida may lack subpoena power altogether, thus having the potential of losing key testimony.  *See Fed. R. Civ. P. 45(c)(3)(A).*  Finally, the Central District of California

---

[1] Defendants have also stipulated this in their filings.

houses the bulk of relevant documents bearing on the alleged infringement.

There is little doubt, then, that six of the seven transfer factors—conveniences, access to proof, availability of process, cost, and public interest—all warrant that this case be litigated in the Central District of California. To deny transfer to that District would be to contravene the interest of justice. This case does not belong in the Southern District of Florida, but rather in the Central District of California. I, therefore, granted transfer.

As an ancillary matter, I did consider Plaintiff's Motion [DE 43] to Strike Defendants' Reply to the instant Motion to Transfer. That Motion to Strike is, at best, unmeritorious, and, at worst, an improper sur-reply. In either case, it is **DENIED** *as moot* in light of the transfer.

**DONE and ORDERED** in Chambers in Miami, FL this 25th day of February 2008.

/s/ Marcia G. Cooke
_____
MARCIA G. COOKE
United States District Judge

Copies to:
*The Hon. Stephen T. Brown*
*Counsel of record*